IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Steve Jolly, | ) | C/A No.: 1:10-1244-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Phillip Thompson, Tom Fox, Major Joey Johnson, Officer Updegraff, Capt. Stafford, Cpl. Henderson, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Robert Steve Jolly ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the J. Reuben Long Detention Center ("JRLDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names employees of the JRLDC as Defendants.[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). For the reasons that follow, the undersigned recommends the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process.

---

[1] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## I. Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**II. Discussion**

Plaintiff's Complaint alleges Defendants have refused to provide Plaintiff with discovery materials, have subjected Plaintiff to harassment for filing civil actions against them, and have tampered with Plaintiff's legal mail. (Compl. 3.) Plaintiff also complains that he has been required to sleep on the floor and has been given incorrect medication. (Compl. 4.) Plaintiff further alleges that Defendant Officer Updegraff "wrote [Plaintiff] up" for not following directions and then acted as the hearing officer in Plaintiff's disciplinary hearing. (*Id.*) Finally, Plaintiff claims he was placed in detention by Defendant Cpl. Henderson for not complying with directions. (*Id.*) Plaintiff seeks injunctive relief. (Compl. 5.)

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

  A. **Plaintiff's Previously Filed Cases**

Plaintiff has several § 1983 actions pending in this District Court, which involve many of the same defendants and assert nearly identical allegations as the instant action. *See Robert Steve Jolly v. Phillip Thompson, et al.*, C/A No. 1:10-874-TLW-SVH (D.S.C.); *Robert Steve Jolly v. Major Johnson, et al.*, C/A No. 1:10-1158-TLW-SVH (D.S.C.); *Robert Steve Jolly v. Phillip Thompson, et al.*, C/A No. 1:10-1159-TLW-SVH (D.S.C.) . A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949). Therefore, this court takes judicial notice of Plaintiff's pending civil actions.

Like the instant action, the Complaint in C/A No. 1:10-874-TLW-SVH alleges Defendants are withholding Plaintiff's discovery materials,[2] refusing to notarize Plaintiff's documents, and refusing to provide Plaintiff with legal supplies. Plaintiff's Complaint in C/A No. 1:10-1158-TLW-SVH asserts Defendants have been tampering with Plaintiff's legal mail and subjecting Plaintiff to harassment for filing civil actions. Finally, C/A No. 1:10-1159-TLW-SVH contains facts regarding the Defendants' alleged

---

[2] As in the present Complaint, the pleading in C/A No. 1:10-874-TLW-SVH also indicates that Plaintiff requested documents "under the Freedom of Information Act." (C/A No. 1:10-1244-TLW-SVH Compl. 3; C/A No. 1:10-874-TLW-SVH Compl. 4.)

deliberate indifference to Plaintiff's medical needs, to include Plaintiff's claims he has been given the wrong medication and required to sleep on the floor.[3]

As most of the issues involved in the complaint *sub judice* are currently being addressed in Plaintiff's pending cases, this § 1983 complaint, to the extent that it is a duplicate filing, should be summarily dismissed in the interests of judicial economy and efficiency. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

**B.    Plaintiff's Denial of Due Process Claim**

However, the instant Complaint alleges one claim, regarding the denial of due process during a disciplinary hearing, which has not been asserted in Plaintiff's prior filings. Plaintiff alleges that Defendant Officer Updegraff acted as both the charging officer and hearing officer during a disciplinary hearing. It appears Defendant Updegraff found Plaintiff guilty of a disciplinary infraction, resulting in Plaintiff's placement in detention or segregated confinement.

It is true that disciplinary proceedings which implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500,

---

[3] The instant action and C/A No. 1:10-1159-TLW-SVH also cite to the "Americans with Disabilities Act." (C/A No. 1:10-1244-TLW-SVH Compl. 2 and 4; C/A No. 1:10-1159-TLW-SVH Compl. 2.)

502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation that creates a liberty interest of a prisoner).

In the case *sub judice*, Plaintiff has made no allegations or representations to the court that he lost any good-time credits as a result of the disciplinary action, or that his disciplinary conviction resulted in an increase in the sentence imposed. As such, Plaintiff has failed to show that Defendant Updegraff's actions enhanced Plaintiff's sentence in such a way as to implicate a protected liberty interest and to give rise to the protection of the Due Process Clause by its own force. *See, e.g., Beverati*, 120 F.3d at 502 (4th Cir. 1997) (confinement in administrative segregation does not exceed the sentence imposed in such an extreme way as to give rise to the protection of the Due Process Clause by its own force, and inmates did not possess a liberty interest in avoiding administrative segregation).

Further, Plaintiff has failed to show that the conditions of segregated confinement constituted an atypical and significant hardship in relation to the ordinary incidents of prison life. In fact, Plaintiff provides no facts indicating that his experience in segregated confinement was significantly different from his placement in a regular cell. *See Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991) ("[C]hanges in a prisoner's location,

variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate are contemplated by his original sentence to prison ..."). As Plaintiff fails to demonstrate that his disciplinary conviction implicates a protected liberty interest, or that his segregated confinement constitutes an atypical hardship, Plaintiff's due process claim is also subject to summary dismissal.

### C. Plaintiff's Complaint Against Cpl. Henderson

Finally, Plaintiff names one defendant in this action, Cpl. Henderson, who is not a named party in Plaintiff's previously filed civil actions. Plaintiff's allegations against this Defendant are as follows: "Cpl. Henderson locked me up in lockup because I couldn't get off the floor with vertigo which they caused by giving me the wrong medication." (Compl. 4.) As stated above, Plaintiff's claim, regarding the provision of incorrect medication at the JRLDC, is currently being addressed in C/A No. 1:10-1159-TLW-SVH. Plaintiff's only allegation against Cpl. Henderson involves Plaintiff's placement in detention. However, standing alone, such a statement is factually insufficient to state a claim on which relief can be granted under § 1983.

Although the court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Additionally,

while Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This court is not required to develop tangential claims from scant assertions in the Complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). As Plaintiff's single conclusory statement against Cpl. Henderson fails to state a cognizable § 1983 claim, this Defendant is entitled to summary dismissal from the action.

### III. Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

IT IS SO RECOMMENDED.

June 14, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge